BOONE COUNTY v. WILSON ET AL.

1. **Clerk of the District and Circuit Courts:** COMPENSATION. The total compensation of the Clerk of the District and Circuit Courts, exclusive of the amount allowed by the Board of Supervisors for probate business, is limited to two thousand dollars per annum.

2. ————: DUTY AS TO FEES. The Clerk is bound to collect all the fees as fixed by statute and report the same to the Board of Supervisors, paying over whatever sum in excess of two thousand dollars a year may come into his hands.

*Appeal from Boone District Court.*

TUESDAY, JUNE 9.

THIS action is brought against the defendant Wilson, as principal, and against the other defendants as sureties, on the official bond of the former as clerk of the District Court. On a trial before the court without a jury, judgment was rendered for plaintiff for $1,367.77, and costs, from which the defendants appeal.

*Hull & Ramsey,* for appellants.

*Gatch, Wright & Runnells,* for appellee.

MILLER, CH. J.—At the October election, 1868, the defendant Wilson was elected clerk of the District Court of Boone county. He gave bond as required by law, the other defendants becoming his sureties thereon, and he entered upon the duties of his office January, 1869, and served for two years.

This action is brought to recover a balance of unreported fees still remaining in his hands. The evidence was taken by a referee, and reported to the court, and consisted mainly in an itemized account of all fees received by Wilson during his term of office, both as clerk of the District Court and as clerk of the Circuit Court, as well as several small sums as sheriff's, district attorney's, and juror's fees.

The court, after charging the defendant with the fees received by him, gave him credit with two thousand dollars

per annum as salary, and also the fees by him paid into the treasury, leaving a balance still in his hands for which judgment was rendered. No question of computation is made. The exceptions of appellants are only to the charges against Wilson of the fees received by him as clerk of the Circuit Court. It is claimed that he was not chargeable with these fees, but that they belonged to him as compensation for the services performed, at least to the extent of two thousand dollars per annum.

Section 430 of the Revision provides that " the salary of the clerk of the District Court is hereby abolished, and that said clerk shall receive in lieu thereof the fees and compensation hereinafter provided." Then follows a table of fees for various services which he is authorized to charge and collect.

The next section (431) requires the clerk to make " a full and complete statement," under oath, "of the amount of fees charged, and for whole services, the amount received and for what service rendered," and section 432 provides that " the total amount of fees, compensation and income of said clerk for all official services, shall not exceed the sum of two thousand dollars in any one year; and if the fees herein above established shall amount in the aggregate to more than two thousand dollars in any one year, the excess shall be paid into the county treasury, except so much thereof as may be derived from the temporary school fund. That portion of such excess as may be derived from such school fund shall be paid to said fund."

It is very clear from these provisions of the statute that the maximum amount of the clerk's compensation, to be derived CLERK OF THE from the fees of his office, is fixed at two thousand COURT: compensation. dollars, and that he should account for all fees received, and pay over to the county treasury the excess over that sum, and unless there are other provisions of the statute enlarging this amount of his compensation, it must be measured by the section last quoted, which limits it to two thousand dollars per annum. Under these three sections of the statute the clerk is authorized and required to charge and collect the fees therein specified. These fees belong to him as the compensation for his official services up to the sum of

two thousand dollars in each year.   He is required to pay over whatever excess over this sum comes into his hands.   Indeed this much seems to be conceded by appellant's counsel, but it is claimed that section ten of Chapter 86, of the Laws of 1868, gives to the clerk as his property, and without requiring him to account therefor, the fees received by him as clerk of the Circuit Court.   The portion of that section bearing on the point is as follows:  "The sheriff and clerk of the District Court in each county shall be the officers of the Circuit Court for said county, and for their services shall be entitled to the same fees as now are, or hereafter may be allowed by law for like services in the District Court."

We are of the opinion that this provision does not allow the clerk the fees received by him while acting as Clerk of the Circuit Court, absolutely and without limitation, but that he is entitled thereby to charge and collect "the same fees" as the law allows him to charge and collect " for like services in the District Court," to be accounted for in the same manner, and that the limitation upon his aggregate compensation for each year as contained in § 532 of the Revision still remains in full force.   The clerk is still the "Clerk of the District Court;" such is his official title.   He is so designated throughout this entire chapter, and the provisions of § 432 providing that the total compensation and income of the Clerk of the District Court "*for all official services* shall not exceed two thousand dollars" per year is unrepealed by anything contained in the tenth section of Chapter 86, Laws of 1868, referred to above.   And there is nothing in the language there used importing any intention to allow the clerk to receive the fees for services in the Circuit Court and hold them independently of the provisions of § 432 of the Revision.   That section remains unchanged and fixes the maximum compensation of the clerk for all services required of him as clerk of either court except where it is otherwise expressly provided.   It is provided by chapter 134 of the laws of 1868, that "the Clerk of the District Court shall receive such compensation for his services in probate matters as the Board of Supervisors may allow, which compensation shall be in addition to the fees and

amount now allowed by law to said clerk, to be paid out of the money collected by him for probate business." This act was passed concurrently with chapter 86, which created the Circuit Court and provided for the fees of sheriff and clerk therein. The provision above set out shows expressly that the compensation to be allowed the clerk for the services there mentioned was to be "in addition to the fees and amounts allowed him by law." No such intent is expressed or implied in § 10 of Chapter 86, Laws of 1868, respecting the clerk's fees in the Circuit Court. If such had been the intention it is fair to presume that it would have been so expressed.

In chapter 1, § 4 of Laws of Extra Session of 1861, it is provided as follows: "In addition to the fees allowed the Clerk of the District Court by chapter 29," of the Revision, "he is authorized and required to receive the following fees:" Then follows a table of fees in addition to those specified in § 4320 of the Revision. No one would claim that this provision gave these fees absolutely to the clerk, that they belonged to him discharged of the limitation upon the amount thereof, contained in § 432, and yet there is quite as much ground for such claim as that set up by appellants in this case.

AFFIRMED.